IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| JOSE GONZALEZ, MARIBEL GONZALEZ, ANTONIO FRANCO, MARIA GONZALEZ, LUIS FRANCO, and JULIO GONZALEZ, | ) ) ) ) | |
| Plaintiffs, | ) ) | 06 C 5321 |
| vs. | ) ) | Judge Der-Yeghiayan |
| CITY OF ELGIN, ELGIN POLICE OFFICERS MIGUEL PANTOJA, SHAUN SCHROEDER, TODD PAVORIS, HEATHER ROBINSON, DANIEL MCGINLEY, SERGEANT JAMES KELLY, and UNKNOWN ELGIN POLICE OFFICERS | ) ) ) ) ) ) ) | |
| Defendants. | ) | JURY DEMANDED |

## SECOND AMENDED COMPLAINT

NOW COME Plaintiffs, JOSE GONZALEZ, MARIBEL GONZALEZ,
ANTONIO FRANCO, MARIA GONZALEZ, LUIS FRANCO, and JULIO GONZALEZ,
through their attorneys, LOEVY & LOEVY, complaining of
Defendants, the CITY OF ELGIN, and ELGIN POLICE OFFICERS MIGUEL
PANTOJA, SHAUN SCHROEDER, TODD PARVORIS, HEATHER ROBINSON, DANIEL
MCGINLEY, SERGEANT JAMES KELLY, and as-yet-unknown officers
(collectively, "Defendant Officers"), and allege as follows:

### JURISDICTION AND VENUE

1. This action arises under the United States Constitution
and the Civil Rights Act of 1871, 42 U.S.C. Section 1983, to
redress the deprivation under color of law of Plaintiffs' rights
as secured by the United States Constitution.

2. This court has jurisdiction of the action under of 28 U.S.C. Sections 1331 and 1367.

3. Venue is proper as the Plaintiffs reside in this judicial district, and Defendant City of Elgin is a municipal corporation located here. Further, the events giving rise to the claims asserted herein all occurred in this district.

## PARTIES

4. Plaintiffs Jose Gonzalez and Maribel Gonzalez are residents of Kane County, Plaintiffs Maria Gonzalez and Antonio Franco are residents of Boone County, and Plaintiffs Luis Franco and Julio Gonzalez are residents of Cook County.

5. At all relevant times, the Defendants Officers were police officers employed by the City of Elgin and were acting under color of law and as the employees, agents or representatives of the City of Elgin.

## FACTUAL ALLEGATIONS

6. On or about October 2, 2005, the Plaintiffs were at Plaintiff Antonio Franco's mother's home in Elgin, Illinois when a friend came to the house and said that his wife was being beaten by a gang member at a nearby restaurant.

7. As a result, Plaintiffs went to the restaurant. Upon their arrival, they observed that their friend's wife was injured and covered in blood. Plaintiff Luiz Gonzalez comforted her.

2

8. Shortly thereafter, Defendant Pantoja arrived at the restaurant and asked Plaintiffs to leave. As the Plaintiffs were walking away, Defendant Pavoris left his squad car and attacked Jose Gonzalez. Soon thereafter, Defendants Pantoja and Schroeder also joined in the attack.

9. The remaining Plaintiffs were also harassed and beaten. Specifically, Antonio Franco was beaten by the Defendant Officers, and had to be transported to Sherman Hospital to be treated for his resulting injuries. Plaintiffs Maria Gonzalez, Antonio Franco, Jose Gonzalez, and Julio Gonzalez were pepper sprayed and Maria Gonzalez's face was smashed into a flower pot. Maribel Gonzalez was likewise attacked. Defendant Neff picked up personal property belonging to Jose Gonzalez and threw it from the scene.

10. The Defendant Officers then arrested Plaintiffs. During Plaintiffs' time at the Elgin police station, the Defendants harassed them and taunted them with ethnic slurs, including "Mexican whores" and "bitches."

11. The Plaintiffs were charged with counts including resisting arrest and "mob action," and were forced to attend many court hearings.

12. Except for one Plaintiff's disorderly conduct charge, all criminal charges were eventually disposed of in a manner indicative of Plaintiffs' innocence.

3

**COUNT I - 42 U.S.C. Section 1983**
**False Arrest/Unlawful Detention**

13. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

14. As described more fully above, the Defendant Officers falsely arrested and unlawfully detained Plaintiffs without justification and without probable cause.

15. The misconduct described in this count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

16. The misconduct described in this count was undertaken pursuant to the policy and practice of the Elgin Police Department in that:

a. As a matter of both policy and practice, the Elgin Police Department directly encourages, and is thereby the moving force behind, the very type of misconduct at issue here by failing to adequately train, supervise and control its officers, such that its failure to do so manifests deliberate indifference;

b. As a matter of both policy and practice, the Elgin Police Department facilitates the very type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Elgin Police Officers to believe their actions will never be scrutinized and, in that way, directly encouraging future abuses such as those affecting Plaintiffs;

4

c. Generally, as a matter of widespread practice so prevalent as to comprise municipal policy, officers of the Elgin Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Elgin Police Department makes findings of wrongdoing in a disproportionately small number of cases;

d. Municipal policy-makers are aware of (and condone and facilitate by their inaction) a "code of silence" in the Elgin Police Department, by which officers fail to report misconduct committed by other officers, such as the misconduct at issue in this case; and

e. The City of Elgin has knowledge of, and the relevant policy-makers have failed to act to remedy, the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby tacitly approving and ratifying the type of misconduct alleged here.

17. As a result of the above-described wrongful infringement of Plaintiffs' rights, Plaintiffs suffered damages, including but not limited to emotional distress.

## COUNT II - 42 U.S.C. Section 1983
### Excessive Force

18. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

19. As described in the preceding paragraphs, the conduct of the Defendant Officers, acting under color of law, constituted excessive force in violation of the United States Constitution.

20. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

21. The misconduct described in this Count was undertaken pursuant to the policy and practice of the City of Elgin Police Department in the manner described above.

22. As a result of the Defendants Officers' misconduct, and of the City's policy and practice, Plaintiffs suffered injury, including but not limited to emotional distress.

## Count III - 42 U.S.C. Section 1983
## Equal Protection

23. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

24. As described more fully above, Defendant Officers, while acting individually, jointly, and in conspiracy, as well as under color of law, denied Plaintiffs the equal protection of the law in violation of their Constitutional rights.

25. In taking the above-described actions, the Defendant Officers treated Plaintiffs differently than other similarly-situated individuals on the basis of their membership in a particular class.

26. Specifically, the Defendant Officers victimized Plaintiffs on the basis of their race and/or ethnicity, Latino.

27. Defendant Officers' conduct was motivated by racial animus and discriminatory purpose, and was not rationally related to any governmental interest.

28. As a result of the Defendant Officers' wrongful infringement of their rights, Plaintiffs suffered damages, including but not limited to emotional distress.

## COUNT IV - 42 U.S.C. Section 1983
## Failure to Intervene

29. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

30. During the events described more fully above, one or more of the Defendant Officers stood by and watched without intervening to protect the unconstitutional and illegal conduct to which Plaintiffs were subjected. These Defendants had a reasonable opportunity to prevent the harm had they been so inclined, but failed to do so.

31. As a result of the Defendants' failure to intervene to prevent the unconstitutional conduct, Plaintiffs suffered damages, including but not limited to emotional distress.

32. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally and with willful indifference to Plaintiffs' Constitutional rights.

7

33. The misconduct described in this Count was undertaken pursuant to the policy and practice of the City of Elgin Police Department in the manner described in the preceding paragraphs.

## COUNT V - State Law Claim
## Malicious Prosecution

34. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

35. Plaintiffs were improperly subjected to judicial proceedings for which there was no probable cause. These judicial proceedings were instituted and continued maliciously, resulting in injury, and the proceedings were terminated in Plaintiffs' favor in a manner indicative of innocence.

36. Defendant Officers accused Plaintiffs of criminal activity knowing those accusations to be without probable cause, and they made written and other statements with the intent of exerting influence to institute and continue judicial proceedings.

37. Statements of Defendant Officers about Plaintiffs' alleged culpability were made with knowledge that the statements were false. In so doing, they fabricated evidence and withheld exculpatory information.

38. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

8

39. As a result of the above-described wrongful infringement of Plaintiffs' rights, they have suffered damages, including but not limited to emotional distress.

40. The misconduct described in this Count was undertaken by Defendant Officers within the scope of their employment such that the employer, City of Elgin, is liable for the actions.

## COUNT VI - State Law Claim
## Respondeat Superior

41. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

42. In committing the acts alleged in the preceding paragraphs, the Defendant Officers were members and agents of the Elgin Police Department, acting at all relevant times within the scope of their employment.

43. Defendant City of Elgin is responsible for all torts committed by its agents.

## COUNT VII - State Law Claim
## Indemnification

44. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

45. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

9

46. The Defendant Officers are or were employees of the Elgin Police Department who acted within the scope of their employment in committing the misconduct described herein.

WHEREFORE, Plaintiffs, JOSE GONZALEZ, MARIBEL GONZALEZ, ANTONIO FRANCO, MARIA GONZALEZ, LUIS FRANCO and JULIO GONZALEZ, respectfully request that this Court enter judgment in their favor and against Defendants, CITY OF ELGIN, ELGIN POLICE OFFICERS MIGUEL PANTOJA, SHAUN SCHROEDER, TODD PAVORIS, HEATHER ROBINSON, DOUG NEFF, DANIEL MCGINLEY, SERGEANT JAMES KELLY, and UNKNOWN OFFICERS, awarding compensatory damages and attorneys' fees, along with punitive damages against the Defendant Officers in their individual capacities, as well as any other relief this Court deems just and appropriate.

## JURY DEMAND

Plaintiffs, JOSE GONZALEZ, MARIBEL GONZALEZ, ANTONIO FRANCO, MARIA GONZALEZ, LUIS FRANCO, and JULIO GONZALEZ, hereby demand a trial by jury pursuant to Federal Rules of Civil Procedure 38(b) on all issues so triable.

RESPECTFULLY SUBMITTED,


Attorneys for Plaintiffs


Arthur Loevy
Jon Loevy
Jon Rosenblatt
Samantha Liskow
Loevy & Loevy
312 North May, Suite 100
Chicago, IL
312-243-5900

11

## CERTIFICATE OF SERVICE

I, Samantha Liskow, an attorney, certify that on August 24, 2007, I served this document by ECF electronic filing as to each party, who are represented by counsel who use electronic filing.

/s/ Samantha Liskow