IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| JOSE GONZALEZ, MARIBEL GONZALEZ, ANTONIO FRANCO, MARIA GONZALEZ, LUIS FRANCO, and JULIO GONZALEZ, | ) ) ) ) | |
| Plaintiffs, | ) ) | 06 C 5321 |
| vs. | ) ) | Judge Der-Yeghiayan |
| CITY OF ELGIN, ELGIN POLICE OFFICERS MIGUEL PANTOJA, SHAUN SCHROEDER, TODD PAVORIS, HEATHER ROBINSON, DANIEL MCGINLEY, and SERGEANT JAMES KELLY, | ) ) ) ) ) ) ) | |
| Defendants. | ) | JURY DEMANDED |

**PLAINTIFFS' RESPONSE TO
DEFENDANTS' PARTIAL MOTION TO DISMISS**

Plaintiffs, JOSE GONZALEZ, MARIBEL GONZALEZ, ANTONIO FRANCO, MARIA GONZALEZ, LUIS FRANCO, and JULIO GONZALEZ, by their counsel, LOEVY & LOEVY, respectfully submit their response to Defendants' Partial Motion to Dismiss. The Motion should be denied entirely for the following reasons:

**INTRODUCTION**

Plaintiffs timely filed the state law claims included in their Second Amended Complaint. In Defendants' Partial Motion to Dismiss, the Defendants argue incorrectly that the state law claims are barred by the statute of limitations. Because Defendants provide no other basis for dismissal of claims from Plaintiffs' Second Amended Complaint, Defendants' Motion should be denied in its entirety.

## BACKGROUND

On October 2, 2005, the Defendant Officers subjected Plaintiffs to multiple constitutional violations, including assault, racial abuse, and false arrest. See Second Amended Complaint, Dckt. No. 77. In addition, the officers falsely accused Plaintiffs of committing multiple crimes, including resisting arrest and "mob action." Id. at para. 11. Plaintiffs were forced to attend many court hearings to defend themselves against the charges. Id. The charges lodged against Plaintiffs as a result of the incident were disposed of in a manner indicative of their innocence, apart from one Plaintiff's charge of disorderly conduct. Id. at para. 12. As a result of these events, Plaintiffs brought a claim against Defendants for malicious prosecution. Id. at Count V.

## DEFENDANTS' MOTION TO DISMISS SHOULD BE DENIED

### A. Legal Standard

In deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must "accept all well-pleaded facts alleged in the complaint as true and must draw all reasonable inferences in favor of the non-movant." Phelan v. City of Chicago, 347 F.3d 679, 681 (7th Cir. 2003). A motion to dismiss will succeed only when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). In reading the whole Complaint, the court assumes the truth of the facts alleged in the pleadings and construes the allegations liberally. Liberty Mutual Insurance Co. v. Construction Management Services, Inc., 2004 WL 2271811 at *2 (N.D. Ill. 2004).

### B. Plaintiffs' State Law Claims Were Timely Filed

Defendants are correct that the Illinois Tort Immunity Act requires that a claim against a public entity for tort liability must be "commenced within one year from the date that the injury

was received or the cause of action accrued." 745 ILCS 10/8-101(a). However, the Defendants are incorrect that the statute bars Plaintiffs' state law claims.

Plaintiffs' malicious prosecution claim (Count V) began to accrue only after the relevant criminal proceedings were terminated in their favor. "Although the Local Governmental and Governmental Employee Tort Immunity Act provides a one year statute of limitations for common law claims against a municipality and municipal employees, the date that the statute begins to run for malicious prosecution claims is the date that the claims against the defendants are resolved." Madding v. Thomas, 2003 WL 22176061, at *3 (N.D. Ill. Sept. 15, 2003). See also Long v. McDermott, 2005 WL 309552, at *5 (N.D. Ill. Feb. 8, 2005).

Plaintiffs' criminal charges were resolved on August 29, 2006.[1] They filed their malicious prosecution claim on August 24, 2007. See Dckt. No. 77. Therefore, the claim was filed within the one-year statue of limitations, and the Court should deny the Defendants' request to dismiss it.

Because Plaintiffs' malicious prosecution claim was timely filed, their accompanying claim for respondeat superior (Count VI) was timely filed. See Randle v. City of Chicago, 2000 WL 1536070, at *3 (N.D. Ill. Oct. 17, 2000) ("Since the underlying assault and battery claim is time-barred, Randle's claim for respondeat superior is also time-barred as to that underlying claim. Randle's respondeat superior claim is not time-barred, however, insofar as it is based on the underlying malicious prosecution claim.")

---

[1] This Court may take judicial notice of the date of the resolution of the charges. "In ruling on a 12(b)(6) motion, a district court may take judicial notice of matters of public record without converting the 12(b)(6) motion into a motion for summary judgment." Anderson v. Simon, 217 F.3d 472, 474-475 (7th Cir. 2000) (citations omitted).

Last, this Court should reject Defendants' suggestion that Plaintiffs' indemnification count (Count VII) is untimely. By its terms, a claim for indemnification under the Illinois Tort Immunity Act does not begin to accrue until after a judgment is entered against a public entity:

> A local public entity is empowered and directed to pay any tort judgment or settlement for compensatory damages (and may pay any associated attorney's fees and costs) for which it or an employee while acting within the scope of his employment is liable in the manner provided in this Article.

745 ILCS 10/9-102. The indemnification section of the Tort Immunity Act thus does not require Plaintiffs to file their indemnification claim within one year of the date of injury. Plaintiffs' indemnification count is timely.

## CONCLUSION

For the foregoing reasons, the Defendants' Motion to Dismiss Plaintiffs' claims of Malicious Prosecution (Count V), Respondeat Superior (Count VI), and Indemnification (Count VIII) should be denied.

RESPECTFULLY SUBMITTED,

S/ Samantha Liskow
Attorneys for Plaintiffs

Arthur Loevy
Jon Loevy
Samantha Liskow
LOEVY & LOEVY
312 N. May St., Suite 100
Chicago, IL 60607
(312) 243-5900

**CERTIFICATE OF SERVICE**

      I, Samantha Liskow, an attorney, certify that on October 16, 2007, I served this document by ECF electronic filing as to each party, who are represented by counsel who use electronic filing.


/s/ Samantha Liskow