

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOSE GONZALEZ, et al.,       )
                             )
        Plaintiffs,          )
                             )
        v.                   )    No. 06 C 5321
                             )
CITY OF ELGIN, et al.,       )
                             )
        Defendants.          )


## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendants' partial motion to dismiss

Counts V, VI, and VII of Plaintiffs' second amended complaint. For the reasons

stated below, we grant in part and deny in part the partial motion to dismiss.


## BACKGROUND

Plaintiffs allege that on October 2, 2005, they were at Plaintiff Antonio

Franco's mother's home in Elgin, Illinois, when a friend arrived and told them that

his friend's wife was being beaten by a gang member at a nearby restaurant.

Plaintiffs allegedly went to the restaurant and found their friend's wife injured and

covered in blood. Plaintiffs contend that Defendant Officer Miguel Pantoja,

1

Defendant Officer Shaun Schroeder, and Defendant Officer Todd Pavoris then arrived at the scene in squad cars and attacked Plaintiff Jose Gonzalez. The other Plaintiffs were also allegedly beaten and harassed by police officers that arrived at the scene. According to Plaintiffs, they were then arrested and taunted with ethnic slurs while in custody. Plaintiffs claim that they were charged with resisting arrest, mob action, and disorderly conduct, and that all charges were disposed of in a manner indicative of Plaintiffs' innocence.

Plaintiffs brought the instant action and include in their second amended complaint claims alleging violations of 42 U.S.C. § 1983 ("Section 1983"), based on false arrest and unlawful detention theories (Count I), Section 1983 excessive force claims (Count II), Section 1983 equal protection claims (Count III), Section 1983 failure to intervene claims (Count IV), state law malicious prosecution claims (Count V), a state law *respondeat superior* claim (Count VI), and state law indemnification claims (Count VII). Defendants move to dismiss Counts V, VI, and VII of the second amended complaint.

## LEGAL STANDARD

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint.

2

*Thompson v. Ill. Dep't of Prof'l Regulation,* 300 F.3d 750, 753 (7th Cir. 2002);

*Perkins v. Silverstein,* 939 F.2d 463, 466 (7th Cir. 1991). In order to withstand a

motion to dismiss, a complaint must allege the "operative facts" upon which each

claim is based. *Kyle v. Morton High Sch.,* 144 F.3d 448, 454-55 (7th Cir. 1998);

*Lucien v. Preiner,* 967 F.2d 1166, 1168 (7th Cir. 1992). A plaintiff is required to

include allegations in the complaint that "plausibly suggest that the plaintiff has a

right to relief, raising that possibility above a 'speculative level,'" and, "if they do

not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Services,*

*Inc.,* 496 F.3d 773, 776 (7th Cir. 2007)(quoting in part *Bell Atlantic Corp. v.*

*Twombly,* 127 S.Ct. 1955, 1964 (2007)). Under the current notice pleading standard

in federal courts, a plaintiff need not "plead facts that, if true, establish each element

of a 'cause of action. . . .'" *See Sanjuan v. Amer. Bd. of Psychiatry and Neurology,*

*Inc.,* 40 F.3d 247, 251 (7th Cir. 1994)(stating that "[a]t this stage the plaintiff

receives the benefit of imagination, so long as the hypotheses are consistent with the

complaint" and that "[m]atching facts against legal elements comes later"). The

plaintiff need not allege all of the facts involved in the claim and can plead

conclusions. *Higgs v. Carver,* 286 F.3d 437, 439 (7th Cir. 2002); *Kyle,* 144 F.3d at

455. However, any conclusions pled must "provide the defendant with at least

minimal notice of the claim," *Id.,* and the plaintiff cannot satisfy federal pleading

requirements merely "by attaching bare legal conclusions to narrated facts which fail

to outline the bases of [his] claims." *Perkins,* 939 F.2d at 466-67. The Seventh

Circuit has explained that "[o]ne pleads a 'claim for relief' by briefly describing the events." *Sanjuan*, 40 F.3d at 251; *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998)(stating that "[p]laintiffs need not plead facts or legal theories; it is enough to set out a claim for relief").

## DISCUSSION

Defendants contend that the state law claims included in Counts V, VI, and VII of the second amended complaint are barred by the statute of limitations. Pursuant to 745 ILCS 10/8-101 ("Section 10/8-101"), "[n]o civil action other than an action described in subsection (b) [of 745 ILCS 10/8-101] may be commenced in any court against a local entity or any of its employees for any injury unless it is commenced within one year from the date that the injury was received or the cause of action accrued." 745 ILCS 10/8-101(a).

## I. Malicious Prosecution Claims (Count V)

Defendants contend that the malicious prosecution claims (Count V) are barred by the one-year statute of limitations in Section 10/8-101. Plaintiffs included the malicious prosecution claims in the second amended complaint, which was filed on August 24, 2007. Defendants argue that the second amended complaint was filed more than one year after the October 2, 2005 arrest incident. However, in regard to the one-year Section 10/8-101 limitations period, "[a] cause of action for malicious

4

prosecution does not accrue until the criminal proceeding on which it is based has been terminated in the plaintiff's favor." *Ferguson v. City of Chicago*, 820 N.E.2d 455, 459 (Ill. 2004). Thus, Defendants incorrectly assert that the October 2, 2005, incident involving Plaintiffs' arrests is the date when the malicious prosecution claims accrued. It is actually the date that the criminal charges brought against Plaintiffs were resolved in the Plaintiffs' favor that is relevant.

Plaintiffs claim that the criminal charges at issue were resolved in their favor on August 29, 2006, which would make the malicious prosecution claims timely. (Ans. Mot. 3). Defendants argue that we should dismiss the malicious prosecution claims as untimely since the second amended complaint does not contain facts concerning when Plaintiffs' criminal charges were resolved in their favor. However, Plaintiffs were not required to plead such facts in anticipation of the assertion of the statute of limitations defense. *See Hollander v. Brown*, 457 F.3d 688, 691 n.1 (7th Cir. 2006)(stating that "[u]nder Federal Rule of Civil Procedure 8, a complaint need not anticipate or overcome affirmative defenses such as the statute of limitations" and that "[a]s a result, a federal complaint does not fail to state a claim simply because it omits facts that would defeat a statute of limitations defense"). We note that the malicious prosecution claim is different from the other claims that we previously dismissed in this case that were included in the first amended complaint. Plaintiffs filed no opposition to the partial motion to dismiss the first amended complaint. In regard to the malicious prosecution claim in the second amended

complaint, Plaintiffs have opposed Defendants' position and there are not sufficient facts in the second amended complaint to resolve whether the malicious prosecution claim is timely. *See id.* (stating that "dismissal under Rule 12(b)(6) on the basis of a limitations defense may be appropriate when the plaintiff effectively pleads herself out of court by alleging facts that are sufficient to establish the defense"). Thus, it is premature at this juncture to resolve whether the malicious prosecution claims are timely.

Plaintiffs argue that this court can resolve the timeliness of their malicious prosecution claims at this juncture and resolve it in their favor by taking judicial notice of the public records terminating the criminal charges brought against Plaintiffs. Defendants respond that the court cannot take judicial notice of the records since Plaintiffs have failed to specifically identify what public documents they are referencing and they have not provided the court with copies of such records. We agree that Plaintiffs must provide the court with sufficient evidence before the court can accept their contention that the malicious prosecution claims are timely. However, Plaintiffs' failure to provide such records at the motion to dismiss stage does not support a dismissal of their malicious prosecution claims. As is indicated above, Plaintiffs are not obligated to anticipate and defeat a statute of limitations defense at the motion to dismiss stage. At the summary judgment stage of these proceedings, Plaintiffs will need to present sufficient evidence concerning the resolution of their criminal charges to show that their malicious prosecution

claims are timely. Therefore, we deny Defendants' motion to dismiss the malicious prosecution claims (Count V).


## II. Indemnification Claims (Count VII)

Defendants move to dismiss the indemnification claims as untimely. Plaintiffs argue that the indemnification claims are timely because the court should deem the limitations period to run on the day that a judgment was entered against Defendant City of Elgin rather than on the date of the arrest incident. (Ans. Mot. 4). However, in regard to the first amended complaint, Defendants moved to dismiss the indemnification claims, arguing that they were untimely and, on March 23, 2007, we granted Defendants' motion to dismiss. As we indicated in our March 23, 2007 ruling, Plaintiffs were given an opportunity to oppose the motion to dismiss and Plaintiffs did not file any response to the motion to dismiss. Plaintiffs are thus presenting their arguments concerning the indemnification claims for the first time in regard to their second amended complaint. The timeliness of indemnification claims has thus already been resolved and Plaintiffs cannot revisit that legal issue simply because they amended their complaint again. A plaintiff is given leave to amend its complaint in order to make warranted corrections in the allegations that support the plaintiff's case. Fed. R. Civ. P. 15(a). It is not a means by which a plaintiff can get around prior rulings in an action and rehash resolved legal issues with each new complaint. *Minch v. City of Chicago*, 486 F.3d 294, 301 (7th Cir.

7

2007). Under the law of the case doctrine, "a court ought not to re-visit an earlier ruling in a case absent a compelling reason, such as manifest error or a change in the law, that warrants re-examination." *Id.* Plaintiffs fail to even acknowledge in their prior motion that the court has already addressed the indemnification issue, and thus Plaintiffs have not even argued that the court committed manifest error in its prior ruling. Plaintiffs have not provided any compelling reason to revisit the indemnification issue at this juncture. *See id.* (stating that the "presumption against reopening matters already decided reflects interests in consistency, finality, and the conservation of judicial resources, among others"). Therefore, we grant Defendants' motion to dismiss the indemnification claims (Count VII).

### III. *Respondeat Superior* Claim (Count VI)

Defendants move to dismiss the *respondeat superior* claim (Count VI). Under Illinois law, "an employer can be held vicariously liable for the tortious acts of its employees" pursuant to the doctrine of repondeat superior. *Alms v. Baum*, 796 N.E.2d 1123, 1127 (Ill. App. Ct. 2003)(stating that the employer can be liable for torious acts "including negligent, wilful, malicious, or even criminal acts of its employees when such acts are committed in the course of employment and in furtherance of the business of the employer"). Defendants point out that, in regard to their motion to dismiss the first amended complaint, we granted their motion to dismiss the *respondeat superior* claims. Defendants contend that, as with the

indemnification claims, we should bar Plaintiffs from revisiting this issue. (Reply 3).

Plaintiffs argue that we have not addressed the *repondeat superior* claim before us in ruling on the motion to dismiss claims in the first amended complaint because the *repondeat superior* claim in the second amended complaint is solely pled in relation to the malicious prosecution claims. (Ans. Mot. 3). Plaintiffs thus acknowledge that they are solely invoking the theory in regard to the malicious prosecution claims. (Ans. Mot. 3)(referring to malicious prosecution claim and "accompanying claim for *respondeat superior*"). As is explained above, the malicious prosecution claims have not been shown at this stage of the proceedings to be untimely and they remain viable claims in this action. Thus, since the *respondeat superior* claim in the second amended complaint is premised upon the alleged misconduct involved with the malicious prosecution claims, the *respondeat superior* claim in the second amended complaint is distinct from the *repondeat superior* claims presented in the first amended complaint. The *respondeat superior* claim in the second amended complaint is timely to the extent that the malicious prosecution claims are deemed to be timely. *See Randle v. City of Chicago Illinois*, 2000 WL 1536070, at *3 (N.D. Ill. 2000)(indicating that although the plaintiff's repondeat superior claim was untimely in regard to some of his state law claims, his malicious prosecution claim was timely and thus his "*repondeat superior* claim [wa]s not time-barred . . . insofar as it [wa]s based on the underlying malicious prosecution claim").

Therefore, we deny Defendants' motion to dismiss the *repondeat superior* claim.

## CONCLUSION

Based on the foregoing analysis, we grant Defendants' motion to dismiss the indemnification claims (Count VII). We deny Defendants' motion to dismiss the malicious prosecution claims (Count V) and deny the motion to dismiss the *repondeat superior* claim (Count VI).

Samuel Der-Yeghiayan
United States District Court Judge

Dated: November 28, 2007