Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | **Sitting Judge if Other than Assigned Judge** | |
|---|---|---|---|
| **CASE NUMBER** | 06 C 5321 | **DATE** | 7/23/2010 |
| **CASE TITLE** | Gonzalez et al vs. City of Elgin et al. | | |

**DOCKET ENTRY TEXT**

Plaintiffs' motion in limine number 16 [216] is granted in part without prejudice and denied in part.

■[ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

     In their Motion *in Limine* Number 16, Plaintiffs seek to exclude from trial a potential witness's prior arrests and convictions. For the following reasons, the Court grants in part without prejudice and denies in part Plaintiffs' motion.

## BACKGROUND

     On October 2, 2005, Defendant Pantoja arrested Roy Scruggs for driving with a suspended license and put him in a squad car. While in the car, Mr. Scruggs witnessed some of the events at issue in this case before Defendant Kelly ordered him released without being charged. Mr. Scruggs has a history of arrests and convictions. The Elgin Police Department has arrested Mr. Scruggs thirty-six times, and two of those arrests resulted in felony convictions. (R. 216, Mot. *in Limine* No. 16 at 5; R. 236, Resp. Br. at 4.) He was convicted of a misdemeanor for resisting a peace officer on November 13, 2009, felony residential burglary on an unspecified date, and felony attempted aggravated battery on March 20, 2009.

Continued...

| | Courtroom Deputy Initials: | KF |
|---|---|---|

## ANALYSIS

While conceding that evidence of Mr. Scruggs' arrest on the night of the incident is admissible "to give context for why he was in the backseat of a police car during the incident," Plaintiffs seek the exclusion of Mr. Scruggs' other arrests and convictions pursuant to Federal Rules of Evidence 403, 404(b), and 609. (R. 216, Mot. *in Limine* No. 16 at 2.) Defendants respond that Mr. Scruggs' history of arrests and convictions is relevant to show his credibility and bias. (R. 236, Resp. Br. at 4.)

### I.  Mr. Scruggs' Convictions

Defendants do not argue for the use of Mr. Scruggs' misdemeanor conviction. With respect to the two felony convictions, however, Plaintiffs argue that they should be excluded because "Defendants never disclosed their intent to admit [them] under Federal Rule of Evidence 609," and their prejudicial value substantially outweighs their probative value. (R. 216, Mot. *in Limine* No. 16 at 2.)

> On August 22, 2007, Defendants answered Plaintiffs' First Set of Interrogatories as follows: Please identify any and all criminal convictions of any Person relating to this law suit that Defendants will seek to use at trial for purposes of impeaching any witness, or for [any] other purpose. For each such responsive conviction, identify: (a) the witness who has been convicted and the nature of the conviction and (b) the complete factual basis as to why the conviction qualifies as admissible under FRE 609. Please be advised that your duty to supplement you[r] answer to this Interrogatory remains ongoing as discovery progresses, and that plaintiffs intend to move *in limine* to bar any references to convictions not identified in the manner requested.
> **ANSWER:**   None at this time. Investigation continues.

(R. 216-1, Answer No. 4 to Pl.'s 1st Set of Interrogs.) Plaintiffs contend that "Defendants did not disclose any of Mr. Scruggs' convictions" (R. 216, Mot. *in Limine* No. 16 at 4), before stating that "Defendants did produce documents concerning Mr. Scruggs' prior arrests and convictions in December 2009." (*Id.* at 4 n.1) Defendants add that they produced "copies of the charging and sentencing documents related to [the felony convictions]" at Mr. Scruggs' December 28, 2009 deposition, at which Mr. Scruggs "was questioned about each and every felony conviction Defendants seek to introduce if [he] testifies." (R. 236, Resp. Br. at 2.)

Rule 609 does not prohibit use of the convictions at trial because that Rule's notice requirement – even if violated here – applies only to the use of convictions that are more than ten years old, *see* Fed. R. Evid. 609(b), and Plaintiffs have not shown that either of Mr. Scruggs' convictions is more than ten years old. Further, sanctioning Defendants by precluding them from using the convictions at trial would not be appropriate. While "[a] court, under its inherent powers, may sanction conduct that it finds to be an abuse of the judicial process," doing so is called for only after considering the following factors: "'(1) the prejudice or surprise to the party against whom the evidence is being offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date.'" *Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec*, 529 F.3d 371, 386 (7th Cir. 2008) (quoting *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003)). None of these factors supports the imposition of sanctions here. As explained below, parties may only use convictions at trial by referring to the charge, date, and disposition, *see United States v. Barnhart*, 559 F.3d 737, 747 (7th Cir. 2010), and Plaintiffs concede that they had documents relating to Mr. Scruggs' convictions in December 2009. Plaintiffs also had the opportunity to cure any prejudice by questioning Mr. Scruggs regarding his convictions at his deposition or by asking the Court for permission to seek additional discovery on the topic. Further, Plaintiffs have not shown that Defendants acted with bad faith or wilfulness. As such, the Court will not sanction Defendants by preventing them from using the convictions at trial.

Plaintiffs also argue that the prejudicial value of Mr. Scruggs' felony convictions substantially outweighs their probative value. The Court disagrees. Convictions that are ten years old or younger, even if only by a matter of weeks, are admissible under Rule 609 if their probative value outweighs their prejudicial effect. *See United States v. Jackson*, 546 F.3d 801, 819 (7th Cir. 2008) (noting that "[a]ny perception of arbitrariness [regarding the ten-year threshold] is the inevitable result of a rule that conditions the admissibility of evidence on its age"). "The rationale for . . . allowing a prior crime to be used to undermine testimony is that a person who has committed a serious crime is more likely than a law-abiding person to lie on the stand even if the case in which he is testifying has nothing to do with that crime." *Schmude v. Tricam Indus., Inc.*, 556 F.3d 624, 627 (7th Cir. 2008). Plaintiffs have made no showing that evidence of Mr. Scruggs' prior convictions would be unduly prejudicial. They have not, for example, pointed to the convictions' ages, underlying circumstances, or other particulars that would factor into a Rule 403 analysis. Furthermore, the convictions, which stem from Elgin arrests, support that Mr. Scruggs' may be biased against the City of Elgin. Plaintiffs therefore have not shown that Mr. Scruggs' convictions are clearly inadmissible for any purpose. *See Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997); *United States v. Evans*, No. 09 CR 152, 2010 WL 2104171, at *1 (N.D. Ill. May 25, 2010). Defendants may use Mr. Scruggs' felony convictions consistent with Rule 609. When using the convictions at trial, however, Defendants may only mention "'the particular felony charged, the date, and the disposition of a prior conviction.'" *Barnhart*, 559 F.3d at 747 (quoting *United States v. Smith*, 454 F.3d 707, 716 (7th Cir. 2006)).

## II.     Mr. Scruggs' Arrests

Defendants contend that Mr. Scruggs' arrests are relevant to show the "bias and prejudice of Mr. Scruggs as a witness and his motivation to fabricate his testimony against the City of Elgin and its police officers." (R. 236, Resp. Br. at 3-4.) Defendants do not quantify the probative value of Mr. Scruggs' arrests by stating, for example, when they occurred, who the arresting officers were, or why no convictions resulted from nearly all of those arrests. Furthermore, Defendants may use Mr. Scruggs' October 2, 2005 arrest and prior felony convictions to impeach him, which reduces the relative probative value of his other arrests. Ultimately, Mr. Scruggs' arrests are inadmissible because the danger for unfair prejudice substantially outweighs their probative value. *See Caldwell v. City of Chicago*, No. 08 C 3067, 2010 WL 380696, at *2 (N.D. Ill. Jan. 28, 2010) ("Based on [the defendant's argument that evidence of the prior arrests can be introduced to show bias against police and motive to falsely accuse officers of wrongdoing], the entire criminal arrest record of any plaintiff that ever brings suit against a police officer would be admissible to show a potential bias."); *United States v. Sanchez*, No. 07 CR 0149, 2009 WL 5166230, at *9 (N.D. Ill. Dec. 22, 2009) (noting that arrests, "standing alone, are generally not admissible"); *Moore v. City of Chicago*, No. 02 C 5130, 2008 WL 4549137, at *1 (N.D. Ill. Apr. 15, 2008); *Brandon v. Village of Maywood*, 179 F. Supp. 2d 847, 854 (N.D. Ill. 2001). The Court grants this aspect of the motion without prejudice. If Defendants provide more details regarding the arrests that would pertain to bias, they can raise the issue with the Court outside the presence of the jury.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion number 16 is granted in part without prejudice and denied in part. Defendants may not refer to Mr. Scruggs' misdemeanor conviction or arrests that did not either occur on October 2, 2005 or result in a felony conviction.