# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 06 C 5321 | **DATE** | 7/29/2010 |
| **CASE TITLE** | Gonzalez et al vs. City of Elgin et al | | |

**DOCKET ENTRY TEXT**

Plaintiffs' Motion in Limine # 12 is denied.

■ [ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

In their Motion *in limine* Number 12, Plaintiffs seek to bar Defendants from presenting any testimony or argument that the La Rosa restaurant is "rife with intoxicated customers." For the following reasons, the Court denies Plaintiffs' motion.

### LEGAL STANDARD

Trial courts have broad discretion in ruling on evidentiary issues before trial. *See Jenkins v. Chrysler Motors Corp.,* 316 F.3d 663, 664 (7th Cir.2002); *United States v. Lillie,* No. 08 CR 717, 2009 WL 3518157, at *1 (N.D.Ill. Oct. 28, 2009). Accordingly, "[a]lthough the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States,* 469 U.S. 38, 41 n. 4, 105 S.Ct. 460, 463 (1984); *see also Lillie,* 2009 WL 3518157, at *1. An *in limine* ruling avoids delays and allows the parties an opportunity to prepare themselves and witnesses for the introduction or exclusion of the evidence at issue. *See Wilson v. Williams,* 182 F.3d 562, 566 (7th Cir.1999); *Jonasson v. Lutheran Child & Family Servs.,* 115 F.3d 436, 440 (7th Cir.1997) ("The prudent use of the in limine motion sharpens the focus of later trial proceedings and permits the parties to focus their preparation on those matters that will be considered by the jury."); *United States v. Connelly,* 874 F.2d 412, 416 (7th Cir.1989). Ultimately, an *in limine* motion "performs a gatekeeping function and permits the trial judge to eliminate from further consideration evidentiary submissions that clearly ought not be presented to the jury because they clearly would be inadmissible for any purpose." *Jonasson,* 115 F.3d at 440.

| | Courtroom Deputy Initials: | KF |
|---|---|---|

## ANALYSIS

Plaintiffs arrived at the La Rosa restaurant at approximately 4:30 am to aid a friend's wife and brother who were beaten while leaving the establishment. *Gonzalez v. Elgin*, 578 F.3d 526, 530 (7th Cir. 2009). Defendants arrived at La Rosa after Plaintiffs and an altercation between the two parties followed. *Id.* Plaintiffs move to bar all testimony or argument depicting the La Rosa restaurant as being rife with intoxicated customers because it would unduly prejudice Plaintiffs through association since their friends patronized the restaurant on the night of the event. Under Federal Rule of Evidence 403, "relevant[] evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice…" Fed.R.Evid. 403. Relevant evidence, however, cannot be excluded "simply because it is detrimental to one party's case; rather, the relevant inquiry is whether any unfair prejudice from the evidence substantially outweighs its probative value." *United States v. Dennis*, 497 F.3d 765, 769 (7th Cir. 2007) (internal citation omitted); *accord Untied States v. Bright*, 578 F.3d 547, 551 (7th Cir. 2009).

Factual allegations supported by testimony or argument regarding the nature of La Rosa restaurant as well as Defendants' prior experiences with the clientele are relevant to whether Defendants had probable cause to arrest Plaintiffs. "A police officer has probable cause to arrest if, at the time of the arrest, the 'facts and circumstances within the officer's knowledge… are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense.'" *Chelios v. Heavener*, 520 F.3d 678, 686 (7th Cir. 2008) (quoting *Michigan v. DeFillippo,* 443 U.S. 31, 37, 99 S.Ct. 2627, 61 L.Ed.2d 343 (1979)). "Probable cause is a fluid concept based on common-sense interpretations of reasonable police officers as to the totality of the circumstances known at the time the event occurred." *United States v. Burnside*, 588 F.3d 511, 518 (7th Cir. 2009) (internal citations omitted). Evidence associated with Defendants' perceptions of and prior experiences with La Rosa restaurant contribute to the totality of the circumstances requirement for probable cause. Defendants indicate that testimony from Elgin officers includes "past service calls and eating at the La Rosa, which included encountering intoxicated individuals. *See United States v. Evans*, 994 F.2d 317, 319-21 (7th Cir. 1993) (evidence regarding location of where encounter took place relevant to totality of the circumstances). Moreover, Mr. Tushar, the owner of the La Rosa, will testify that he thought Plaintiffs' friends were intoxicated while they were at the La Rosa immediately prior to Plaintiffs' arrest." (R. 229, Def.'s Resp., p. 2.) Because probable cause is directly at issue in this case, the probative value of testimony or argument regarding the La Rosa restaurant outweighs any potential prejudice towards Plaintiffs. Such evidence is only admissible, however, to the extent Defendants knew of it in advance of the arrest in question.