# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 06 C 5321 | **DATE** | 8/4/2010 |
| **CASE TITLE** | Jose Gonzalez, et al. Vs. City of Elgin, et al. | | |

**DOCKET ENTRY TEXT**

The Court grants in part and denies in part Defendants' motion in limine #3.

■[ For further details see text below.]   Docketing to mail notices.

# STATEMENT

In Defendants' motion in limine #3, Defendants seek to bar evidence or testimony that the individual police officers violated the City of Elgin's police department policies, rules, or procedures. For the following reasons, the Court grants in part and denies in part Defendants' motion in limine #3.

Violations of a police department's rules and regulations are not material to whether Plaintiffs can establish that Defendants violated the Constitution. *See Thompson v. City of Chicago,* 472 F.3d 444, 454-55 (7th Cir. 2006); *see also Scott v. Edinburg,* 346 F.3d 752, 760 (7th Cir. 2003) ("42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or, in this case, departmental regulations and police practices."). Accordingly, the Court grants Defendants' motion to exclude departmental policies, rules, or procedures to establish the alleged constitutional violations.

That being said, Plaintiffs argue that violations of general orders and rules are relevant to other issues in this case. Specifically, Plaintiffs argue that one of the Defendant officers breached the general orders by failing to file a timely excessive force report after the incident at issue and that this evidence goes to whether Defendants were trying to hide what happened during their interaction with Plaintiffs. Plaintiffs also point to the alleged breach of the rules in relation to Defendant officers' use of pepper spray. In addition, Plaintiffs argue that breaches of the rules and regulations go to establishing punitive damages in this matter. Because Plaintiffs' arguments are fact-intensive, the Court declines to bar any such evidence at this juncture and will determine the evidence's relevance and potential prejudice at trial. *See* Fed.R.Evid. 401, 403; *see also Christmas v. City of Chicago,* 691 F.Supp.2d 811, 818 (N.D. Ill. 2010) ("if developments at trial make evidence about police department rules and regulations relevant to an issue other than the plaintiffs' constitutional rights, the court will address at that time whether the proffered evidence is admissible."). Plaintiffs must inform the Court at the final pretrial conference which alleged violations they seek to introduce and for what purposes.

| STATEMENT |
|---|
|     Moreover, if Defendants open the door by testifying about the departments rules or regulations, Plaintiffs may use evidence of the rules and regulations for impeachment purposes.  Plaintiff, however, should first front the issue with the Court outside the presence of the jury.  If necessary, the Court will give a limiting instruction to the jury concerning these policies.  *See* Seventh Circuit Pattern Jury Instruction 7.04. |