# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | **Sitting Judge if Other than Assigned Judge** | |
|---|---|---|---|
| **CASE NUMBER** | 06 C 5321 | **DATE** | 8/16/2010 |
| **CASE TITLE** | Gonzalez et al vs. City of Elgin et al. | | |

**DOCKET ENTRY TEXT**

The Court grants Defendants' motions in limine #5 and #21.

■[ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

Before the Court are Defendants' motions in limine # 5 and # 21, in which Defendants move to bar "prior bad act" evidence under Federal Rule of Evidence 404(b). For the following reasons, the Court grants Defendants' motions in limine # 5 and # 21.

### BACKGROUND

In May 2005, four months prior to the incident at issue in this lawsuit, Officer Pavoris arrested Rudy Zabran and took him into custody. (R. 208-1, Defs.' Mot. in Limine # 21 ¶ 5.) Plaintiffs maintain that Officer Pavoris slammed Zabran on the hood of a car, kneed him in the ribs, tried to hit his head on a door, and slammed him against a wall. (*Id.*) According to Defendants, Zabran filed a lawsuit, which was dismissed without prejudice for failure to prosecute. (Defs.' Mot. in Limine #21 ¶¶ 6, 9.)

Continued...

| | Courtroom Deputy Initials: | KF |
|---|---|---|

**ANALYSIS**

"Generally, evidence of other bad acts is not admissible to show a defendant's propensity to commit a crime, nor to show that he or she acted in conformity with that propensity on the occasion in question." *United States v. James,* 464 F.3d 699, 709 (7th Cir. 2006); Fed. R. Evid. 404(b) ("[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith"). Put another way, Rule 404(b) "forbids the use of evidence of a defendant's history of illegal or unethical acts to prove that he is a person of bad character and likely therefore to have committed the crime of which he is accused in the present case, or perhaps some other, undetected crime for which he should be punished." *United States v. Paladino,* 401 F.3d 471, 474-75 (7th Cir. 2005). "[E]vidence may, however, be admitted under Rule 404(b) to establish proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." *James,* 464 F.3d at 709; *see also United States v. Harris*, 587 F.3d 861, 864 (7th Cir. 2009). In determining whether evidence is admissible pursuant to under Rule 404(b), the Seventh Circuit has adopted a four-part standard, assessing whether:

> (1) the evidence is directed toward establishing a matter in issue other than the defendant's propensity to commit the crime charged; (2) the evidence shows that the other act is similar enough and close enough in time to be relevant to the matter in issue; (3) the evidence is sufficient to support a jury finding that the defendant committed the similar act; and (4) the evidence has probative value that is not substantially outweighed by the danger of unfair prejudice.

*United States v. Stotler*, 591 F.3d 935, 941 (7th Cir. 2010) (quoting *United States v. Vargas*, 552 F.3d 550, 554 (7th Cir. 2008)).

**I.   Use of Excessive Force During Zabran Arrest**

In Defendants' motion in limine #21, they seek to bar evidence of Officer Pavoris' use of excessive force during the arrest of Rudy Zabran in May 2005. Although Zabran's arrest occurred close in time to the incident at bar, the arrests are not sufficiently similar. *See Stotler*, 591 F.3d at 941. Specifically, Zabran alleges that Officer Pavoris slammed him on the hood of a car, kneed him in the ribs, tried to hit his head on a door, and slammed him against a wall. Here, Plaintiffs Jose, Antonio, Julio, and Maria maintain that Officer Pavoris used pepper spray. Moreover, the dissimilarity of the arrests could possibly lead to juror confusion. *See United States v. Ozuna,* 561 F.3d 728, 738 (7th Cir. 2009) ("district court may exclude collateral or irrelevant evidence where its tendency to mislead and confuse the jury substantially outweighs its probative value"); *see also United States v. Rogers,* 587 F.3d 816, 822 (7th Cir. 2009) ("Rule 403 that gives a court discretion to exclude evidence that is problematic because it will be difficult to confine it to proper bounds."). The Court therefore grants Defendants' motion in limine #21.

**II.   Evidence of Prior Lawsuits Against Defendant Officers**

In Defendants' motion in limine # 5, Defendants seek to bar evidence of prior lawsuits against the Defendant Officers, the Elgin Police Department, or its police officers. Plaintiffs do not object to this motion except with regard to Zabran's testimony. Because Zabran's testimony is inadmissible under Rule 404(b) – as discussed above – the Court grants Defendants' motion in limine #5.