Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 06 C 5321 | **DATE** | 8/19/2010 |
| **CASE TITLE** | Gonzalez et al vs. City of Elgin et al. | | |

**DOCKET ENTRY TEXT**

The Court grants Defendants' motion in limine #8 and grants in part and denies in part Defendants' motions in limine # 10.

■[ For further details see text below.]        Notices mailed by Judicial staff.

## STATEMENT

Before the Court are Defendants' motions in limine # 8 and # 10, in which Defendants move to bar "prior bad act" evidence under Federal Rule of Evidence 404(b). For the following reasons, the Court grants Defendants' motion in limine #8 and grants in part and denies in part Defendants' motions in limine # 10.

### BACKGROUND

In June 2004, one year and three months prior to the incident at issue in this lawsuit, Defendant Officer Pavoris participated in the arrest of Ruben Fernandez. (R. 206-1, Defs.' Mot. in Limine #8 ¶ 5.) Defendants assert that Officer Pavoris' supervisor authorized him to use a pepper ball gun on Fernandez "if he did anything but raise his hands." (*Id.* at ¶ 6.) Plaintiffs, on the other hand, maintain that non-party Christina Santos observed the arrest and that "Pavoris indiscriminately and without warning shot a chemical agent at Fernandez multiple times even though he had his hands up and was not resisting." (R. 226-1, Pls.' Resp. at 3.) Further, Plaintiffs state that Officer Pavoris accused Fernandez of resisting arrest. (*Id.* at 4.) Christina Santos filed a complaint against Officer Pavoris and Sergeant James Barnes of the Elgin Police Department completed an internal investigation exonerating all officers involved in the arrest. (*Id.*, Ex. B at 1-3.)

| | Courtroom Deputy Initials: | KF |
|---|---|---|

Meanwhile, subsequent to the incident at issue, the Elgin Police Department terminated Defendant Officer McGinley's employment for failing to disclose the use of force against one of the named Plaintiffs in his incident report. *See Gonzalez v. City of Elgin*, 578 F.3d 526, 532 (7th Cir. 2009). Officer McGinley continued to claim that he did not touch Plaintiff despite witness testimony, and Sergeant James Barnes concluded that he lied in the incident report. *Id.*

## ANALYSIS

"Generally, evidence of other bad acts is not admissible to show a defendant's propensity to commit a crime, nor to show that he or she acted in conformity with that propensity on the occasion in question." *United States v. James,* 464 F.3d 699, 709 (7th Cir. 2006); Fed. R. Evid. 404(b) ("[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith"). Put another way, Rule 404(b) "forbids the use of evidence of a defendant's history of illegal or unethical acts to prove that he is a person of bad character and likely therefore to have committed the crime of which he is accused in the present case, or perhaps some other, undetected crime for which he should be punished." *United States v. Paladino,* 401 F.3d 471, 474-75 (7th Cir. 2005). "[E]vidence may, however, be admitted under Rule 404(b) to establish proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." *James,* 464 F.3d at 709; *see also United States v. Harris*, 587 F.3d 861, 864 (7th Cir. 2009). In determining whether evidence is admissible pursuant to under Rule 404(b), the Seventh Circuit has adopted a four-part standard, assessing whether:

> (1) the evidence is directed toward establishing a matter in issue other than the defendant's propensity to commit the crime charged; (2) the evidence shows that the other act is similar enough and close enough in time to be relevant to the matter in issue; (3) the evidence is sufficient to support a jury finding that the defendant committed the similar act; and (4) the evidence has probative value that is not substantially outweighed by the danger of unfair prejudice.

*United States v. Stotler*, 591 F.3d 935, 941 (7th Cir. 2010) (quoting *United States v. Vargas*, 552 F.3d 550, 554 (7th Cir. 2008)).

### I.     Use of Excessive Force During Arrest of Ruben Fernandez

In Defendants' motion in limine #8, they seek to bar evidence of Officer Pavoris' alleged use of excessive force during the arrest of Ruben Fernandez in June 2004. Plaintiffs argue that this evidence goes to Pavoris' intent, even though intent is not an element to a Fourth Amendment excessive force claim. *See Graham v. Connor*, 490 U.S. 386, 397, 109 S.Ct. 1865, 1872 (1989) ("[T]he question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation."). Plaintiffs also seek punitive damages, however, so Officers Pavoris' intent is relevant to a matter at issue in this lawsuit. *See Alexander v. City of Milwaukee*, 474 F.3d 437, 453 (7th Cir. 2007); *Edwards v. Thomas,* 31 F.Supp.2d 1069, 1075 n.8 (N.D. Ill. 1999).

Also, Officer Pavoris' use of pepper spray in arresting Fernandez was sufficiently close in time to the incident in this lawsuit. *See Harris*, 587 F.3d at 865; *see also United States v. Ross,* 510 F.2d 702, 713 (7th Cir. 2007) (acts from five to six years earlier were sufficiently close in time). In addition, Officer Pavoris used a pepper ball gun on Fernandez and pepper spray on Jose, Antonio, Julio, and Maria and some courts have found that these two forms of non-lethal force are similar. *See, e.g., Vandehey v. Vallario*, No. 06-cv-01405, 2008 WL 697428, at *1 nn. 2-3 (D. Colo. March 13, 2008) (chemical in a pepper ball gun is similar to pepper spray except that the pepper ball gun provides a more concentrated dose).

Nevertheless, the probative value of this evidence is extremely limited because an internal investigation of the Fernandez incident exonerated Officer Pavoris of any wrongdoing. *See Berkovich v. Hicks,* 922 F.2s 1018, 1023 (2d Cir. 1991) (exoneration of complaint lessens its probative value); *Edwards,* 31 F.Supp.3d at 1074 n.7 (exonerated complaint not admissible under Rule 404(b)); *see also United States v. Taylor*, 417 F.3d 1176, 1179 (11th Cir. 2005) (district court did not abuse discretion in denying plaintiff's request to offer unfounded citizen complaints into evidence under Rule 404(b)); *Ricketts v. City of Hartford,* 74 F.3d 1397, 1415 (2d Cir. 1996) ("the relevance of a single unsubstantiated charge is obviously limited."); *Hopkins v. Andaya,* 29 F.3d 632, 1994 WL 396202, at *2 (9th Cir. 1994) (unfounded citizen complaints were not relevant in Section 1983 action) (unpublished). Thus, the limited probative value of the Santos complaint is substantially outweighed by the unfair prejudice that the jury may use this information as propensity evidence. *See* Fed.R.Evid. 403. The Court thereby grants Defendants' motion in limine #8.

## II. Citizen Complaints or Discipline of Defendant Officers

In Defendants' motion in limine # 10, Defendants seek to bar evidence of prior citizen complaints against Defendant Officers or internal discipline of Defendant Officers. Plaintiffs do not object to this motion except with regard to the testimony of Christina Santos and evidence of Defendant Officer McGinley's disciplinary history. As discussed above, Santos' testimony is not admissible for purposes of Officer Pavoris' intent under Rule 404(b). The Court thus grants in part Defendants' motion in limine #10 concerning the Santos evidence. Meanwhile, because the Court denied Defendants' motion in limine #4, Officer McGinley's disciplinary history is admissible. (*See* R. 274-1, 7/27/10 Min. Order at 1.) Therefore, the Court denies in part Defendants' motion in limine #10 concerning Officer McGinley.