IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| JOSE GONZALEZ, MARIBEL GONZALEZ, ANTONIO FRANCO, MARIA GONZALEZ, LUIS FRANCO and JULIO GONZALEZ, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 06 C 5321 |
| CITY OF ELGIN, ELGIN POLICE OFFICERS MIGUEL PANTOJA, (STAR NO. 318), SHAUN SCHROEDER, (STAR NO. 322), TODD PAVORIS, (STAR NO. 309), HEATHER ROBINSON, (STAR NO. 315), DOUG NEFF, (STAR NO. 316), DANIEL MCGINLEY, (STAR NO. 180), | ) ) ) ) ) ) ) ) ) | Judge Amy St. Eve |
| Defendants. | ) | |

**Plaintiffs' Response to Defendants' Objection to
Plaintiffs' Proposed Jury Instruction No. 31**

Now come Plaintiffs, Jose Gonzalez, Maribel Gonzalez, Antonio Franco, Maria Gonzalez, Luis Franco, and Julio Gonzalez, by and through their attorneys, Loevy & Loevy, and hereby respond to Defendants' objection to Plaintiffs' proposed jury instruction No. 31 as follows:

**Discussion**

Plaintiffs' revised proposed jury instruction No. 31, *see* Exhibit A, accurately states the law and should be given.

First, the Court has already approved the first paragraph, which states that verbal resisting does not constitute resisting under Illinois law. This ruling is correct and should not be reconsidered because this is an accurate statement of the law. *See Gonzalez v. City of Elgin*, 578

F.3d 526, 538 (7th Cir. 2009) ("there is nothing wrong in itself with approaching a police officer. The plaintiffs do not dispute that they approached the officers, but they say that they were just asking the officers what was going on. Later, they questioned why they were being arrested. As we noted in *Payne v. Pauley*, 'It is well settled under Illinois law ... that the resistance must be physical; mere argument will not suffice. 337 F.3d 767, 776 (7th Cir. 2003)); *see also People v. McCoy*, 378 Ill. App. 3d 954, 962 (3d Dist. 2008), 881 N.E.2d 621, 630 (Ill. Ct. App. 2008) ("Verbal resistance or argument alone, even the use of abusive language, is not a violation of the statute....Rather, the statute prohibits a person from a committing a physical act of resistance or obstruction–a physical act that impedes, hinders, interrupts, prevents or delays the performance of the officer's duties, such as going limp, forcefully resisting arrest, or physically helping another party to avoid arrest.") (citing *People v. Raby*, 40 Ill.2d 392, 399, 240 N.E.2d 595, 599 (Ill. 1968)).

Second, as the caselaw cited above demonstrates, it is also well-settled that 720 ILCS 5/31-1(a) prohibits a *physical* act of resistance or obstruction. In *Rodriguez v. City of Chicago*, 2010 WL 2365035, at *6 (N.D. Ill. June 14, 2010), this Court recognized that "Section 5/31-1(a) only prohibits a person from committing a physical act of obstruction." Thus, the first sentence of the second paragraph of Plaintiff's proposed instruction No. 31 should be given. Defendants' arguments concerning whether or not Plaintiffs' actions actually constituted physical resistance are arguments for the jury, not for refusing to instruct the jury on the applicable law. Moreover, a very similar instruction was given by Judge Denlow in *Mason v. City of Chicago*, 06 CV 4763. *See* Exhibit B at 2-3.

Under the resisting/obstructing statute, Defendants must have been performing an authorized act when Plaintiffs allegedly physically resisted or obstructed them, and refusing to move or disperse after an officer so orders does not constitute a physical act. In *People v. Stoudt*, 555 N.E.2d 825, 827, 198 Ill. App. 3d 124, 127 (2d Dist. 1990), the defendants refused to remove themselves from a section of highway after they had been ordered to move by officers. The court held that this did not constitute physical resistance or obstruction under the statute: "This is not a physical act of resistance. Defendants *refrained* from any physical action." *Id.* at 827. Defendants "simply refused to comply with the request of an officer," and "[w]ithout more, this conduct does not constitute a violation of section 31-1." *Id.* at 828. Only if the defendants had physically resisted being escorted away by, for instance, pushing or striking the officers, falling to the ground, or tying themselves to a tree, would they have committed resisting. *Id.* at 827. Moreover, "[a]n allegation of failure to *cooperate* with an officer is not necessarily the same as *resisting* or *obstructing* an officer." *Id.*

Similarly, in *People v. Hilgenberg*, 585 N.E.2d 180, 183-84, 223 Ill. App. 3d 286, 289-90 (2d Dist. 1991), the court held that defendants' failure to open their door in response to an order by a sheriff did not constitute physical resistance. "[T]he defendants' inaction should not be deemed an act of physical resistance where it was merely alleged that the defendants refused to open the door or permit the entry of the sheriff, particularly where there are insufficient allegations to show that defendants were impeding an *authorized act* of the officer." *Id.* at 290 (emphasis added). Because the officer's order to open the door was not authorized under the Fourth Amendment and the defendants' action was merely inaction, their acts did not constitute resisting or obstructing under 720 ILCS 5/31-1(a). *See also Williams v. Jaglowski*, 1999 WL

3

965866, at *7 (N.D. Ill. Sept. 29, 1999) ("§ 5/31-1 proscribes only those physical actions which have the effect of interfering with some lawful duty.").

None of the cases cited by Defendants hold that physical resistance is not required in order to violate the resisting/obstructing statute. In *Ryan v. County of DuPage*, 45 F.3d 1090, 1091 (7th Cir. 1995), the Seventh Circuit reaffirmed that "in Illinois the crime of resisting an officer in the performance of his duty requires physical resistance." The Court found that Ryan's refusal to take off the mask he was wearing inside a courthouse after a sheriff's deputy ordered him to take it off was an act of physical resistance, but that holding depended on the Court's finding that the officer's order to take off the mask was a *lawful order*. The Court found that Ryan had no constitutionally protected First Amendment right to wear the mask inside the courthouse, and so the officer was attempting to perform an *authorized act* in ordering Ryan to take off the mask. *Id.* at 1095-96.

Similarly, in *People v. Finley*, 363 N.E.2d 871, 873, 49 Ill. App. 3d 26, 28 (5th Dist. 1977), the defendant physically obstructed a police officer by standing in front of the car door of a driver that the officer had just (lawfully) pulled over. That case involved a physical act of resistance or obstruction of the police officer's authorized act. Likewise, in *People v. Ostrowski*, 914 N.E.2d 558, 571-72, 394 Ill. App. 3d 82, 98-99 (2d Dist. 2009), the defendant physically resisted police officers by pulling away and wrestling with the officers.

Defendants also cite *People v. Gibbs*, 253 N.E.2d 117, 115 Ill. App. 2d 113 (2d Dist. 1969), which upheld the obstruction conviction of a defendant who verbally instructed third parties who were being arrested by police officers to leave and disobey the officers. This 41 year-old case seems to suggest that mere verbal argument can constitute resisting or obstruction,

4

but Illinois courts since then have repeatedly reaffirmed that mere verbal argument cannot constitute resisting under the statute. *See, e.g., McCoy*, 881 N.E.2d at 630. Moreover, *Gibbs*'s holding has been limited to its particular facts. *People v. Ramirez*, 502 N.E.2d 1237, 1240, 151 Ill. App. 3d 731, 735 (5th Dist. 1986) ("*Gibbs*...cited by the State, presents unusual facts on which verbal conduct was held to have violated the obstructing statute); *see also Williams v. Jaglowski,* 269 F.3d 778, 783 (7th Cir. 2001) ("Although [*Gibbs*] offers some support for the idea that verbal interference alone could be sufficient to support a finding of obstruction in some cases, the Appellate Court has made it clear that *Gibbs* involved "unusual facts" and did not undermine the general rule stated in *Raby*. *Ramirez*, 502 N.E.2d at 1239.").

Third, the Court should give the last sentence of Plaintiff's revised proposed jury instruction No. 31 ("However, a person is justified in the use of force when and to the extent that he reasonably believes that such conduct is necessary to defend himself or another against the imminent use of unlawful force") because it is supported under the applicable Illinois pattern jury instruction and the caselaw. This sentence of Plaintiff's instruction is taken verbatim from Illinois Pattern Criminal Jury Instruction § 25.06. *See* I.P.I. Crim. § 25.06; 720 ILCS 5/7-1(a) ("A person is justified in the use of force against another when and to the extent that he reasonably believes that such conduct is necessary to defend himself or another against such other's imminent use of unlawful force.").

In *People v. Lyda*, 546 N.E.2d 29, 190 Ill. App. 3d 540 (2d Dist. 1989), the appellate court held that it was reversible error for a trial court to refuse to give this instruction where defendant was being prosecuted for resisting arrest and defendant contended that police officers used excessive force in effectuating an arrest. The defendant (Lyda) had been charged with

5

resisting/obstructing the arrest of his brother. He witnessed police officers attempting to handcuff and hog-tie his brother during the course of his brother's arrest. Lyda became agitated, told the officers, "this ain't right," and pushed the officers in an attempt to stop the use of force against his brother during his brother's arrest. *Id.* at 30-31. The trial court tendered the State's instruction: "[a] person is not authorized to use force to resist an arrest which he knows is being made by a peace officer, even if he believes that the arrest is unlawful and the arrest in fact is unlawful." *Id.* at 31 (quoting I.P.I. Crim. § 25.20) (internal quotation marks omitted). However, the court refused defendant's instruction, which was Illinois Pattern Criminal Jury Instruction § 25.06. The appellate court held that, "even assuming that [the defendant] resisted arrest, he was justified in his conduct on the ground that he was acting reasonably in defense of his brother....defendant's instruction should have been given to the jury to consider and...it was reversible error to prevent defendant from presenting this defense by means of the tendered instruction." *Id.* at 32. Furthermore, the appellate court held that, "[a] defendant may be entitled to an instruction related to the justifiable use of force in the defense of another where it is contended that police officers used excessive force in effecting an arrest and defendant is charged with resisting arrest." *Id.*

Even though *Lyda* and other cases cited by Plaintiffs in support of giving this portion of the instruction are Illinois criminal cases, they are relevant here where the jury must determine whether Defendants had probable cause to believe that Plaintiffs' conduct constituted resisting or obstructing under state law. In this case, Defendants have tendered their Instruction No. 24, which is based on Illinois Pattern Criminal Jury Instruction § 25.20–the one tendered by the State in *Lyda*. Plaintiffs have objected to this instruction, and the Court has taken it under advisement.

6

If the Court decides to give Defendants' No. 24, it should also give the last sentence of Plaintiffs' No. 31 because No. 24 states the rule (person may be not use force to resist an arrest) and No. 31 states the exception (unless the force is necessary to defend himself or another). *See People v. Wicks*, 823 N.E.2d 1153, 1156, 355 Ill. App. 3d 760, 763-64 (3d Dist. 2005) ("A person may not use force to resist arrest by a known police officer, even if the arrest is unlawful....An exception to this rule is made when the officer uses excessive force. Use of excessive force by a police officer invokes the arrestee's right of self-defense.") (internal citations omitted); *People v. Williams*, 640 N.E.2d 981, 985, 267 Ill. App. 3d 82, 88 (2d Dist. 1994) (same) (citing 720 ILCS 5/7-7 and 720 ILCS 5/7-1). Either both instructions should be given or neither. Otherwise, giving Defendants' No. 24 without the last sentence of Plaintiffs' No. 31 would be an incorrect statement of the law.

      Finally, Defendants claim that their competing instructions, Nos. 22, 23, and 24 "cite[] to [the] Illinois state statute verbatim." Defs.' Objection at 2. That is not true with respect to Defendants' Instructions Nos. 23 and 24. The resisting/obstruction statute provides, "A person who knowingly resists or obstructs the performance by one known to the person to be a peace officer, firefighter, or correctional institution employee of any authorized act within his official capacity commits a Class A misdemeanor." 720 ILCS 5/31-1(a). This statute contains no language whatsoever suggesting that "a person may not refuse to obey a police officer's lawful order," as stated in Defendants' Instruction No. 23. Nor do the other subsections of 5/31-1 contain any language suggesting that it is unlawful simply to disobey an officer's order. *See* 720 ILCS 5/31-1(a-5), (a-7), (b), (c). Defendants' Instruction No. 24 does not refer to 5/31-1, but

instead to 720 ILCS 5/7-7 (or I.P.I. § 25.20), which, for the reasons discussed above, must be given–if at all–with 720 ILCS 5/7-1 (or I.P.I. § 25.06).

                                      Respectfully submitted,

                                      /s/ Elizabeth Wang
                                      Attorneys for Plaintiffs

Arthur Loevy
Jon Loevy
Russell Ainsworth
Samantha Liskow
Elizabeth Wang
LOEVY & LOEVY
312 N. May St., Ste. 100
Chicago, IL 60607
312-243-5900

## CERTIFICATE OF SERVICE

     I, Elizabeth Wang, an attorney, certify that on September 6, 2010, I served this document by CM/ECF as to each party who is represented by counsel.

                                      /s/ Elizabeth Wang