Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 06 C 5321 | **DATE** | 11/8/2010 |
| **CASE TITLE** | Gonzalez et al vs. City of Elgin et al | | |

**DOCKET ENTRY TEXT**

The parties must bear their own costs based on the mixed outcome of this lawsuit. *See Testa v. Village of Mundelein, Ill.,* 89 F.3d 443, 447 (7th Cir. 1996).

■[ For further details see text below.]    Notices mailed by Judicial staff.

## STATEMENT

On September 9, 2010, after a two-week trial, a jury returned a verdict in favor of Plaintiff Maribel Gonzalez against Defendant Daniel McGinley as to her excessive force claim and in favor of Julio Gonzalez against Defendant Todd Pavoris as to his excessive force and false arrest claims. The jury also returned a verdict in favor of Julio Gonzalez against the City of Elgin on his malicious prosecution claim. The jury awarded a total of $53,500 in damages. The jury, however, also returned a verdict in favor of the four other Defendants as to the remaining claims.

Before the Court are Plaintiffs' Bill of Costs in the amount of $21,449.19 and Defendants' Bill of Costs in the amount of $21,381.61 pursuant to Federal Rule of Civil Procedure 54(d)(1), which allows costs to the prevailing party. For the following reasons, the Court, in its discretion, concludes that the parties must bear their own costs based on the mixed outcome of this lawsuit. *See, e.g., Testa v. Village of Mundelein, Ill.,* 89 F.3d 443, 447 (7th Cir. 1996) ("District courts enjoy wide discretion in determining and awarding reasonable costs. Considering the mixed outcome of the civil rights and malicious prosecution claims, the decision requiring each party to bear its own costs is within that discretion.") (internal citation omitted).

Continued...

| | Courtroom Deputy Initials: | KF |
|---|---|---|

## LEGAL STANDARD

Rule 54(d)(1) provides that "costs other than attorney's fees shall be allowed as of course to the prevailing party unless the court otherwise directs." *See* Fed.R.Civ.P. 54(d)(1). The list of recoverable costs pursuant to 28 U.S.C. § 1920, includes (1) fees of the clerk and marshal, (2) fees for transcripts, (3) witness fees and expenses, (4) fees for copies of papers necessarily obtained for use in the case, (5) docket fees under 28 U.S.C. § 1923, and (6) compensation for court-appointed experts and interpreters. *See U.S. Neurosurgical, Inc. v. City of Chicago,* 572 F.3d 325, 333 (7th Cir. 2009); *Republic Tobacco Co. v. North Atl. Trading Co., Inc.,* 481 F.3d 442, 447 (7th Cir. 2007). Rule 54(d)(1) "provides a presumption that the losing party will pay costs but grants the court discretion to direct otherwise." *Rivera v. City of Chicago,* 469 F.3d 631, 634 (7th Cir. 2006); *see also U.S. Neurosurgical,* 572 F.3d at 333. Taxing costs against the non-prevailing party requires two inquiries – whether the cost is recoverable and whether the amount assessed is reasonable. *See Little v. Mitsubishi Motors N. Am., Inc.,* 514 F.3d 699, 702 (7th Cir. 2008) (per curiam). District courts have considerable discretion in determining whether a particular cost is reasonable and necessary. *See U.S. Neurosurgical,* 572 F.3d at 333.

## BACKGROUND

Plaintiffs Maribel Gonzalez, Jose Gonzalez, Maria Gonzalez, Antonio Franco, Luis Franco, and Julio Gonzalez alleged that on the morning of October 2, 2005 at the La Rosa Restaurant in Elgin, Illinois, Defendant police officers Daniel McGinley, Heather Robinson, Todd Pavoris, Miguel Pantoja, Shaun Schroeder, Douglas Neff, and James Kelly wrongfully arrested and used excessive force against them in violation of the Fourth Amendment to the United States Constitution. Plaintiffs also alleged that Defendants failed to intervene to stop their fellow officers from committing these acts. In addition, Plaintiffs alleged that Defendants falsely charged them with various crimes and that Plaintiffs later had to defend themselves against in state court.

## ANALYSIS

Before the Court can award costs under Rule 54(d), it must determine who the "prevailing party" is in the present lawsuit. "A party prevails for purposes of Rule 54(d) when a final judgment awards it substantial relief." *Smart v. Local 702 Int'l Bhd. of Elec. Workers,* 573 F.3d 523, 525 (7th Cir. 2009) (per curiam); *see also Northbrook Excess & Surplus Ins. Co. v. Procter & Gamble Co.,* 924 F.2d 633, 641 (7th Cir. 1991). "When one party gets substantial relief it 'prevails' even if it doesn't win on every claim." *Slane v. Mariah Boats, Inc.,* 164 F.3d 1065, 1068 (7th Cir. 1999). The "determination of who is the prevailing party for purposes of awarding costs should not depend on the position of the parties at each stage of the litigation but should be made when the controversy is finally decided." *Republic Tobacco,* 481 F.3d at 446.

Here, the jury's verdict was mixed. *See Gavoni v. Dobbs House, Inc.,* 164 F.3d 1071, 1075 (7th Cir. 1999) ("courts have especially broad discretion to award or deny costs in mixed result cases, including cases in which liability was established but recovery was nominal relative to what was sought.") (internal citation omitted). The jury concluded that three of the seven Defendants violated two of the six Plaintiffs' constitutional and state law rights. And, although the jury did not find that all Defendants were liable, the jury awarded Maribel Gonzalez $15,000 in compensatory damages and $8,500 in punitive damages, and Julio Gonzalez $20,000 in compensatory damages and $10,000 in punitive damages, which are more than just nominal damages, but certainly not substantial. *See, e.g., Slane,* 164 F.3d at 1068 ($225,000 jury award substantial relief). Under these circumstances, neither Defendants nor Plaintiffs prevailed as to a "substantial" part of the litigation because the verdict was split. *See Smart,* 573 F.3d at 525; *Testa,* 89 F.3d at 447. As such, the parties must bear their own costs. *See Testa,* 89 F.3d at 447; *see, e.g., Goldsmith v. Murphy,* No. 02 C 5777, 2005 WL 442230, at *3 (N.D. Ill. Feb. 22, 2005).